E-FILED
 Friday, 10 February, 2006  10:09:26 AM
            Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KEITH A. HALLIBURTON, ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-2186 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**OPINION**

On June 18, 1998, Petitioner Keith Halliburton was charged by indictment with possession of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On November 24, 1998, Petitioner pleaded guilty to this count pursuant to a written plea agreement reserving the right to appeal this court's denial of Petitioner's previously filed motion to suppress. On April 30, 1999, this court sentenced Petitioner to 240 months' imprisonment.

On May 12, 1999, Petitioner filed a notice of appeal. On October 2, 1999, the United States Court of Appeals for the Seventh Circuit affirmed the denial of Petitioner's motion to suppress. Petitioner did not seek a writ of certiorari from the United States Supreme Court. On August 24, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1).[1] The Government submitted a Motion to Dismiss (#3) on September 23, 2005.

---

[1] Petitioner originally filed his petition as a "Motion to Reopen Via Federal Rule of Civil Procedure 60(b) for the Sole Purpose to Obtain Vacatur of Judgment that is Void for Lack of

Halliburton did not file a response to the motion to dismiss, but filed a Motion for Summary Judgment (#4) on October 6, 2005.

28 U.S.C. § 2255 provides habeas relief if the court finds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 further provides, "[a] 1-year limitation shall apply to a motion under this section." The statute lists four possible dates from which the one-year limitation period may begin to run, only two of which are applicable to the instant case.

The first possible date is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The United States Supreme Court has held that with regard to § 2255 motions, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's conviction was affirmed by the Seventh Circuit Court of Appeals in 1999 and Petitioner did not file a petition for writ of certiorari. Thus, under the first possible date from which the period of limitations could run, Petitioner's motion is more than five years late. The only other possible date from which the limitations period could run in the instant case is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. While it is not clear from the Petitioner's motion, it appears he is arguing that Apprendi v. New Jersey, 530 U.S. 466 (2000) entitles him to relief from his sentence. However,

---

Subject Matter Jurisdiction" in his criminal case No. 98-20042. Petitioner subsequently asked the motion be construed under 28 U.S.C. § 2255.

Apprendi is not retroactive on collateral review. Berkey v. United States, 318 F.3d 768, 774 (7th Cir. 2003).

Therefore, because Petitioner's motion was filed more than one year after his conviction became final, it must be dismissed at untimely.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(2) Respondent's Motion to Dismiss (#3) is GRANTED.

(3) Petitioner's Motion for Summary Judgment (#4) is DENIED.

(4) This case is terminated.

ENTERED this 10th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE